OCTOBER AND NOVEMBER TERM, 1881, No. 236.

## Gerbracht *versus* The Commonwealth.

1. In a prosecution in Mercer County for selling liquor without a license, it was proven that the accused represented a principal in Erie County, having a proper license. There was evidence that he made sales of liquor deliverable in Mercer County, to be paid for by the purchasers after receipt, which sales were consummated. The Court below charged the jury: " If you find from the evidence and beyond all reasonable doubt that the defendant did agree to sell, and that he himself would deliver whiskey . . . at Pardoe in this county, and find also in the same way that such agreement of his was carried out by his principal, Mr. Claus, then you should convict him." *Held* to be a proper direction.

2. The act of March 31st, 1860, ?61 (P. L., 444), does not require the Supreme Court, in reversing a judgment, to direct specifically whether or not there shall be a new trial.

ERROR to the Court of Quarter Sessions of *Mercer County.*
Indictment of John Gerbracht by the Commonwealth of Pennsylvania for selling liquor without a license.
The facts of the case were as follows:

[Gerbracht *v.* The Commonwealth.]

Gerbracht was indicted in the Quarter Sessions of Mercer County, duly tried, convicted, and sentenced.

To this judgment a writ of error was taken, and after argument the Supreme Court reversed the judgment of the Quarter Sessions, on the ground that the sales for which plaintiff in error was indicted, were made in Erie and not in Mercer County, and that he had violated no law of this State unless he had delivered or agreed to deliver the liquor sold in Mercer County, and the record with a copy of the opinion setting forth causes of reversal was remanded to the Court of Quarter Sessions of Mercer County for further proceedings.

In delivering the judgment of the Supreme Court, STERRETT, J., said: "If there had been evidence to show that he delivered any whiskey in the latter county (Mercer), or agreed to do so, and his agreement was carried out by his principal, a different case would be presented."

Gerbracht being brought up for trial on the same indictment, in addition to pleading not guilty, entered a special plea, setting forth his previous conviction and sentence, and the writ of error to the Supreme Court, and " that upon argument of said case, in said Supreme Court, it was by the said Supreme Court ordered and decreed that the said conviction of the said John Gerbracht be reversed, for the reason that the evidence in the case disclosed no violation of any law of this Commonwealth by the said John Gerbracht, and the record of said case with reversal thereof, as aforesaid, was returned to said county with an order to proceed thereon according to said opinion. That no order for a new trial was made by said Supreme Court in said case, nor has an order for a new trial thereof ever been made thereon. Wherefore the said John Gerbracht comes here into Court and says that the Court has no power nor authority to try him again upon said indictment, nor any other power or authority under said opinion and order of said Supreme Court than to remit the pending recognizance entered into by the said John Gerbracht, and to discharge him from the custody of the said Court of Quarter Sessions; and this he is ready to verify."

This plea was overruled. On the present trial the following facts appeared:

Claus was a wholesale liquor dealer residing in the city and county of Erie, and duly licensed. Gerbracht was also a resident of Erie and a travelling agent for Claus. As such agent he solicited and obtained orders from various residents of Mercer County for whiskey in quantities not less than one gallon, and sent these orders to Claus by mail.

[Gerbracht v. The Commonwealth.]

Claus shipped the liquor by freight or express to the purchasers in Mercer County.

The Commonwealth offered the following evidence:

*Frank Jacobson*, sworn:

Question by Mr. Stranahan. Mr. Jacobson, where do you live?

Answer. Pardoe.

Q. How long have you lived there?

A. It will be two years this August, the 25th.

Q. Do you know Mr. Gerbracht, the defendant?

A. Yes, sir.

Q. Did you ever buy any liquor from him?

A. Yes, sir.

  *  *  *  *  *

Q. What kind of liquor did you get?

A. Well, it was whiskey.

Q. How much did you get?

A. One gallon.

Q. What was the price to be paid for it?

A. Two dollars and a quarter.

Q. Where was he to deliver it to you?

A. At Pardoe.

Q. Were you to pay for it until you received it?

A. No, sir.

Q. Did you afterwards pay for it?

A. Yes, sir.

The defendant's seventh point was as follows:

7th. That even if the defendant did agree, that the goods for which he took orders should be sent to Pardoe for the persons who ordered them, it would not be an agreement to deliver the goods at Pardoe, unless delivered there without any charges for freight thereon, and if the freight was paid by the persons who ordered the same, the delivery of the goods was complete when delivered to the carrier in Erie.

The Court charged the jury:

" The defendant is indicted for selling intoxicating liquors without a license. He has entered two pleas as a defence.

" 1st. That he was once convicted on this indictment for the same offence, and that as the Supreme Court reversed the judgment on such conviction without awarding a reindictment or ordering him to be retried, such former trial and its reversal operates as a bar to this trial.

" 2d. He pleads not guilty.

" [In the opinion of the Court the reversal of the former judgment of conviction is no bar to his second trial and conviction.] So, you will determine, under the evidence and

VOL. I.—31

[Gerbracht *v.* The Commonwealth.]

the law arising thereon, whether he should be convicted under his plea of not guilty.

" While the Commonwealth contends that he sold and delivered it to them, or to some one or more of them, he contends that he merely took their orders to be filled by his employer, Mr. Claus. That Mr. Claus had a wholesale license granted him by the proper authorities of the city of Erie, and that it covered the time when this transaction took place, are facts conceded by the Commonwealth. If, therefore, you find from the evidence that the defendant merely solicited orders from all of these witnesses, who were called by the Commonwealth, but that they were to be filled, and the whiskey delivered by Mr. Claus, you should acquit him. [If, however, you find from the evidence, and beyond all reasonable doubt, that the defendant did agree to sell, and that he himself would deliver whiskey to one or more of the witnesses sworn against him at Pardoe, in this county, and find also in the same way that such agreement of his was carried out by his principal, Mr. Claus, then you should convict him."]

In answer to the defendant's seventh point the Court said:

7. If you find, beyond all reasonable doubt, that the defendant took the orders from one or more of the witnesses, and that he would deliver the whiskey to the purchaser or purchasers in this county, and that his agreement to deliver was carried out by his principal, Claus, it is wholly immaterial which of them paid the freight. So explained this point is refused.

Verdict of guilty, and sentence thereon. The overruling of the special plea, the portion of the charge in brackets, and the answer to the defendant's points, were assigned for error.

*E. W. Jackson* and *John P. Vincent* for plaintiff in error.

Delivery to the carrier completes the contract of sale and vests the property in the vendee. The carrier is the agent of the buyer, especially when freight-charges are paid by him.

As to the special plea, they cited : Logue *v.* Commonwealth, 2 Wr., 265 ; Rhodes *v.* Commonwealth, 12 W., 396 ; Commonwealth *v.* Stump, 3 P. F. Smith, 132.

*Stranahan & Mehard* for defendant in error.

The evidence showed that according to the agreement the liquor was to be sent to Pardoe, and was not to be paid for till received by the purchasers.

[Overseers of Limestone Township *v.* Overseers of Licking Township.]

JANUARY 2D, 1882.—PER CURIAM: The evidence on the trial below was different from what was presented on the record when the case was here before. Our brother STER-RETT, in the opinion in the case, said: "If there had been evidence to show that he [the agent] delivered any whiskey in the latter [Mercer] County, or agreed to do so, and his agreement was carried out by his principal, a different case would be presented." Jacobson's testimony was certainly to this effect. The case, therefore, was properly submitted to the jury. The special plea of the defendant was rightly overruled, under the act of March 31st, 1860, § 61.

                                        Judgment affirmed.